**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**OWENSBORO DIVISION**

**CIVIL ACTION NO. 4:08CV-94-JHM**

**OWENSBORO GRAIN COMPANY, LLC** **PLAINTIFF**

**VS.**

**AUI CONTRACTING, LLC, et al.** **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a motion by Defendant, AUI Management, LLC, to reconsider the Court's December 18, 2008 Memorandum Opinion and Order granting summary judgment to Plaintiff, Owensboro Grain Company, on its beach of contract claims asserted in Counts I and II of the Complaint [DN 50] and on a motion by Plaintiff, Owensboro Grain Company, to dismiss without prejudice all remaining claims alleged in the complaint pursuant to Federal Rule of Civil Procedure 41(a)(2) and to enter a judgment in this matter [DN 49].

**BACKGROUND**

On July 21, 2008, Owensboro Grain brought suit against Defendants, AUI Contracting, LLC, AUI, LLC, AUI Management, LLC, CPI Leasing, Inc. and Jeffrey Callahan, alleging that Defendants failed to pay invoices for soyoil within the required 30 days, failed to remedy said defaults, and rejected demands for payment.[1] On September 23,

[1]The Complaint contains five counts. Specifically, Count I seeks a declaratory judgment, Count II alleges breach of contract, Count III alleges fraud, Count IV alleges the corporate veil should be pierced, and Count V seeks a pre-judgment attachment of assets.

2008, Owensboro filed a motion for summary judgment on the breach of contract claims asserted in Counts I and II of its Complaint against AUI Management. On October 14, 2008, AUI Management filed a response in opposition to the motion. On October 23, 2008, Owensboro Grain filed a reply. On October 30, 2008, AUI Management filed a motion for leave to file a surreply in opposition to Owensboro Grain's motion for summary judgment. On November 10, 2008, the Court granted AUI Management's motion and ordered the surreply filed.

On December 18, 2008, the Court issued a Memorandum Opinion and Order granting Owensboro Grain's motion for summary judgment on its declaratory judgment and breach of contract claim (Count I and II) against Defendant, AUI Management, LLC. The Court found that Owensboro Grain established that AUI Management breached the Credit Agreement and rejected AUI Management's argument that summary judgment should not be granted on the breach of contract claim because issues of material fact exist related to its affirmative defenses of offset, estoppel and laches. Specifically, the Court found that AUI Management failed to produce sufficient evidence that additional oral contract modifications of the $1,800,000 credit limit occurred and, as a result, Paragraph 4 of the Credit Agreement precluded AUI Management's offset claim. (DN 48, Memorandum Opinion at 8-10.)

On December 23, 2008, Owensboro Grain moved to dismiss the remaining claims against the Defendants and requested judgment be entered in its favor on the breach of contract claims. (DN 49.) On January 5, 2009, AUI Management filed a motion to reconsider the Court's December 18, 2008 Order based on new evidence. (DN 50.) The

Court will consider these motions separately.

**MOTION TO RECONSIDER**

AUI Management moves the Court to reconsider its Order granting Owensboro Grain's motion for summary judgment based on AUI Management's answers to interrogatories verified by its owner and president, Jeffrey Callahan, and Mr. Callahan's affidavit tendered after the entry of the December 18 Order. AUI Management argues that reconsideration is warranted because discovery was pending at the time the Court entered its December 18 Order. AUI Management argues that the interrogatory answers and the affidavit demonstrate that the Credit Agreement between AUI Management and Owensboro Grain was modified to increase the Credit Limit beyond $1.8 million and that there was sufficient new consideration for the modification of the Credit Agreement. According to AUI Management, since the answers to discovery provided by AUI Management after the entry of the December 18 Order show that there is admissible evidence contradicting Jeff Erb's testimony, the Order should be revised pursuant to Federal Rule of Civil Procedure 54(b).

The Sixth Circuit recognizes that a district court may reconsider an interlocutory order both under common law and Federal Rule of Civil Procedure 54(b).[2] Rodriguez v. Tennessee

---

[2]Rule 54(b) provides:

**Judgment on Multiple Claims or Involving Multiple Parties**. When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that

Laborers Health & Welfare Fund, 89 Fed. Appx. 949, 959 (6th Cir. Feb. 6, 2004). "Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice." Id. (citing Reich v. Hall Holding Co., 990 F. Supp. 955, 965 (N.D. Ohio 1998)). See also United States v. Lexington-Fayette Urban County Government, 2008 WL 4490200, *1 (E.D. Ky. October 2, 2008); Edmonds v. Rees, 2008 WL 3820432, *2 (W.D. Ky. August 13, 2008).

Applying this standard to the current motion, the Court denies AUI Management's motion to reconsider. AUI Management has failed to offer any reason why this evidence was not submitted in response to the motion for summary judgment. While AUI Management argues that discovery was pending at the time the Court entered the Order, AUI Management did not request additional time for discovery pursuant to Federal Rule of Civil Procedure 56(f). Given that the interrogatory answers now relied upon by Defendant were actually produced by AUI Management and are based upon the personal knowledge of Mr. Callahan, this evidence was clearly available to AUI Management before the motion for summary judgment was granted. "A motion to reconsider under Rule 54(b) . . . may not 'serve as a vehicle to identify facts or raise legal arguments which could have been, but were not, raised or adduced during the pendency of the motion of which reconsideration was sought.' Jones

---

adjudicates fewer than all the claims or the rights and liabilities of fewer than all
the parties does not end the action as to any of the claims or parties and may be
revised at any time before the entry of a judgment adjudicating all the claims and
all the parties' rights and liabilities.

v. Casey's General Stores, 551 F. Supp. 2d 848, 854-855 (S.D. Iowa 2008). See also Rodriguez v. Tennessee Laborers Health & Welfare Fund, 89 Fed. Appx. 949, *9 (6th Cir. Feb. 6, 2004)("Since the Fund had the evidence at the time of the court's earlier decision, the district court's refusal to consider this evidence is not clearly unjust.").[3] Having failed to place this evidence in the record at the appropriate time, the Court declines to reconsider the December 18 Order based on this "new" evidence.

**MOTION TO DISMISS THE REMAINING CLAIMS AND PARTIES**

Pursuant to Federal Rule of Civil Procedure 41(a)(2), Owensboro Grain moves the Court to dismiss without prejudice all claims alleged in the complaint other than the breach of contract claims asserted in Counts I and II against Defendant, AUI Management. AUI Management argues that Owensboro Grain should not be allowed to circumvent the requirements of Rule 54(b) by dismissing the remaining claims without prejudice. AUI Management contends that if Owensboro Grain's motion to dismiss is granted, dismissal must be with prejudice.

Rule 41(a)(2) provides that "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. . . . Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." Fed. R. Civ. P. 41(a)(2).

---

[3] See also Divine Tower Intern. Corp. v. Kegler, Brown, Hill & Ritter Co., 2008 WL 4405037, *4 (S.D. Ohio Sept. 24, 2008)("Evidence is not newly discovered for purposes of motion for reconsideration if it was available to the party before the court issued the decision being challenged."); Janky v. Lake County Convention & Visitors Bureau, 2006 WL 2771019, *6 (N.D. Ind. Sept. 22, 2006)("[M]otions to reconsider [cannot] be employed as a vehicle for introducing evidence that could have been produced prior to the ruling on summary judgment."); Brutyn, N.V. v. Anthony Gagliano Co,, Inc., 2006 WL 3354578, *2 (E.D. Wis. 2006).

"Whether dismissal should be granted under the authority of Rule 41(a)(2) is within the sound discretion of the district court." Grover by Grover v. Eli Lilly and Co., 33 F.3d 716, 718 (6th Cir. 1994). "The primary purpose of the rule in interposing the requirement of court approval is to protect the nonmovant from unfair treatment." Id. The Sixth Circuit indicated that "an abuse of discretion is found only where the defendant would suffer 'plain legal prejudice' as a result of a dismissal without prejudice, as opposed to facing the mere prospect of a second lawsuit." Id. In determining whether a defendant will suffer plain legal prejudice, "a court should consider such factors as the defendant's effort and expense of preparation for trial, excessive delay and lack of diligence on the part of the plaintiff in prosecuting the action, insufficient explanation for the need to take a dismissal, and whether a motion for summary judgment has been filed by the defendant." Id.

An examination of the Grover factors support the voluntary dismissal of the remaining claims without prejudice. The Defendants have not expended any effort or expense preparing for trial on the remaining claims and Owensboro Grain has diligently prosecuted this action. Furthermore, Owensboro Grain has provided a satisfactory explanation for dismissing the remaining claims. Owensboro Grain seeks finality of the summary judgment entered in its favor on Counts I and II of the Complaint in order to enforce the judgment against AUI Management. Finally, the Defendants have not moved for summary judgment on any of the claims that Owensboro Grain seeks to dismiss. The "mere prospect" that the Defendants may face another lawsuit is not "plain legal prejudice" requiring that Owensboro Grain's motion to dismiss without prejudice be denied. Id. For these reasons, the Court will

grant Owensboro Grain's motion to dismiss the remaining claims without prejudice and will enter a judgment in this matter.

**CONCLUSION**

For the reasons set forth above, **IT IS HEREBY ORDERED** that the motion by Defendant, AUI Management, LLC, to reconsider the Court's December 18, 2008 Memorandum Opinion and Order granting summary judgment to Plaintiff, Owensboro Grain Company, on its breach of contract claims asserted in Counts I and II of the Complaint [DN 50] is **DENIED**.

**IT IS FURTHER ORDERED** that the motion by Plaintiff, Owensboro Grain Company, to dismiss without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2) all claims alleged in the complaint other than the breach of contract claims asserted in Count I and II against Defendant, AUI Management, and to enter a judgment in this matter [DN 49] is **GRANTED**. Owensboro Grain shall file any motion for attorney's fees and nontaxable expenses within thirty (30) days of entry of the judgment pursuant to the Joint Local Rules of Civil Practice 54.4.

**Joseph H. McKinley, Jr., Judge**
**United States District Court**

March 10, 2009

cc: counsel of record